ROBERT S. INGALLS
v.
JOSEPH C. ALLEN.

*Master and Servant — Wages — Commission — Recovery — Change in Occupation—Set-off—Evidence.*

Where a given employment continues with no radical alteration in the character of the services rendered, the original contract fixes the rate of wages to be paid.

Ingalls v. Aller.

[Opinion filed September 11, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. FRANK J. CRAWFORD and C. J. WARD, for appellant.

Allen's claim for a commission of $150, included in his bill of particulars, is destitute of merit, and should have been excluded. Kunde and Ingalls both flatly contradict Allen's testimony on the subject, and cast discredit upon his statements. If he testified falsely on that subject his testimony in respect to the other transactions uncorroborated is unreliable and unworthy of belief. "*Falsus in uno, falsus in omnibus.*"

It is settled law that before a person is entitled to brokerage or commission he must have been employed to negotiate the sale or purchase of an estate, and the sale or purchase must have been effected through the agency or instrumentality of the broker on terms agreed upon by the parties. McGavock v. Woodlief, 20 How. (U. S.) 221 ; Barnard v. Monot, 42* N. Y. 204; Rees v. Spruance, 45 Ill. 308; Carter v. Webster, 79 Ill. 435; Pratt v. Hotchkiss, 10 Ill. App. 606; Sievers v. Griffin et al., 14 Ill. App. 63.

Messrs. D. J. & H. D. CROCKER, for appellee.

MORAN, J. This action was brought by appellee to recover from appellant wages at the rate of $40 per month, from January 1, 1885, to November 1, 1887, during which time appellee claimed to have been in the service of appellant, and also to recover $150 which appellee claimed appellant promised him if a certain farm of appellant's should be sold by appellee's aid, and for some items of money advanced. Appellee went to Kansas to oversee and manage a ranch for appellant under an agreement, as appellee testifies, that he was to be paid $40 per month and his board and the expense of traveling. Appellant admits that appellee went to Kansas to

manage his ranch, but denies that there was any contract as to what his wages should be, and contends that he was not qualified for, or capable of managing the ranch or performing what he undertook to perform. In the spring of 1889 appellee returned from Kansas, and as he claims, by direction of appellant went to work for him at Oak Park in and about a hotel and livery stable which appellant was operating at that place. Appellant insists that appellee was not in his employ at Oak Park, but that he was appellant's partner in running the livery stable, and boarded at appellant's hotel, and appellant claims to recover for said board in this suit by way of set-off.

On all the material points of dispute between appellant and appellee, the evidence is in irreconcilable conflict, and it was therefore the province of the jury to determine by their verdict which party was entitled to be believed, and it is not competent for this court to disturb the conclusion reached, unless some error of law has intervened.

Appellee testifies that nothing was said about the rate of wages when the employment was changed from the Kansas ranch to the Oak Park hotel and livery stable, and the court gave to the jury, upon that state of facts, the following instruction:

" If the jury believe from the evidence that the defendant employed the plaintiff at an agreed sum per month and expenses, to proceed to Kansas and take charge of a farm, the property of defendant, for an indefinite period, and that subsequently defendant requested plaintiff to return to Chicago and proceed to Oak Park to do certain other work for defendant, and the plaintiff did both with no other different arrangement as to salary and expenses, then plaintiff is entitled to recover for the full time he so remained in defendant's employ at the rate agreed upon in the first instance."

Appellant complains of the instruction and insists that the return from Kansas was the end of that employment, and that if appellee went to work for appellant at Oak Park without any agreement fixing the wages, he was entitled to recover only what his services might be shown to be reasonably worth.

We can not agree with counsel's contention. There is no evidence in the case to show the work of supervising a hotel and livery stable is so greatly different in character from that of managing a ranch as to form a basis for the legal implication that the rate of wages altered on a change from one employment to the other without anything being said by the parties to the contract. Where the employment continues, with no radical alteration in the character of the service rendered, the original contract may justly be regarded as fixing the rate of wages to be paid. Grover & Baker S. M. Co. v. Bulkley, 48 Ill. 189.

We think, therefore, that the instruction as given by the court, stated the principle correctly. There is some complaint of the modification by the court of some of defendant's instructions and of the refusal to give others. We have considered the suggestions of counsel with reference thereto, and can not agree that the court committed any error in that regard.

There is no ground for the interference by this court with the verdict of the jury on the judgment of the Circuit Court rendered thereon, and said judgment will therefore be affirmed

*Judgment affirmed.*