## ROBERT S. INGALLS
## v.
## JOSEPH C. ALLEN.

*Verdict—Remittitur—Special Interrogatories—Practice.*

1. Although there were several disputed items included in a verdict, the fact that the trial court did not, in ordering a *remittitur*, specify to which item it applied, does not constitute an error for which this court will, upon the case presented, reverse the judgment.

2. Special interrogatories should be single and not relate to evidentiary facts merely.

3. Where a jury fails to answer special interrogatories, counsel should call attention of the trial court to the fact and move that the jury be sent back to answer them.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. FRANK J. CRAWFORD, for appellant.

Messrs. D. J. & H. D. CROCKER, for appellee.

*Per Curiam.* This case was in this court before and is reported in 33 Ill. App. 458. The issues of fact presented by the record are substantially the same now as on the former appeal, and are sufficiently stated in the former opinion. On appeal to the Supreme Court, the former judgment of the Circuit Court and of this court was reversed for error in an instruction given on the trial.

There is now no complaint that the court committed any error in giving or refusing instructions, and there is an irreconcilable conflict in the evidence on every issue of fact presented for the determination of the jury. Upon none of said issues can it be said that the evidence so preponderates in favor of appellant as to justify the conclusion that the verdict

ought to be set aside. Two juries have reached the same result on substantially the same evidence, and this result has been acquiesced in by two judges who saw and heard the witnesses so far as they testified in open court. The jury, as appellant contends, wrongfully included in their verdict the sum of $150 commissions to appellee for selling appellant's farm in Kansas. The court required a *remittitur* of $150 from the verdict and rendered judgment for the verdict thus reduced. Appellant contends that this *remittitur* did not cure the wrongful allowance of this item.

The *remittitur* indicated that there was an item of $150 as to the allowance of which the trial court did not agree with the jury. Consideration of the record leads to the conclusion that the item the court rejected was the one for commissions for sale of the Kansas farm. Appellant says that there was dispute as to the other $150 items and that it can not be told what one the court rejected. It is not perceived how the failure to indicate the particular item to which the *remittitur* relates can injure appellant. The reduction of the verdict is in his favor, and there is nothing in the case which indicates passion or prejudice on the part of the jury. The action is for wages and not for punitive damages, and when the plaintiff's claim is in assumpsit for several different items, the rejection by the court of some item which the jury have allowed is no impeachment of the general verdict.

Complaint is made that the court did not submit certain special interrogatories to the jury as asked by appellants, but modified them so as to leave out some point on which a finding was requested. We are of the opinion that the modifications by the court of the questions to be submitted were proper. The interrogatories as asked were faulty in joining two or three questions requiring different answers in one interrogatory, some of the questions joined, with others, relating to evidentiary facts merely. If such special questions ever serve any just purpose, it can only be when they are single and therefore simple and not confusing. That the jury did not fully answer the second and third special requests can not be availed of now. Counsel should have called attention to that when

the verdict came in, and moved to have the jury sent back to answer fully.

There is no error in the record which authorizes the reversal of the judgment and it will therefore be affirmed.

*Judgment affirmed.*